**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **RHONDA CLIFFORD**, | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) **4:21-cv-744** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **NATIONAL REPUBLICAN** | ) **FOR JURY TRIAL** |
| **SENATORIAL COMMITTEE**, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

RHONDA CLIFFORD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL REPUBLICAN SENATORIAL COMMITTEE ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5.     Plaintiff is a natural person residing in Conroe, TX 77301.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation that has its headquarters located at 425 2ND Street NE, Washington, DC 20002.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Defendant devised and implemented a campaign marketing strategy which includes the transmission of text messages through use of an automatic telephone dialing system.

11.     Plaintiff received multiple text messages from Defendant to her cellular telephone XXX-XXX-5106.

12.     Defendant did not obtain express consent from Plaintiff prior to sending the Plaintiff the unsolicited text messages.

13.     Plaintiff never provided her cellular telephone number to Defendant, has no affiliation with Defendant, has never provided any donations to Defendant, and has not attended any rallies organized by Defendant.

14.     Plaintiff routinely texted "STOP" in response to Defendant's text messages.

15.     However, Defendant continued to send text messages to Plaintiff.

16.     Plaintiff has been on the Do Not Call Registry since April 2005.

17.     These unsolicited text messages placed to Plaintiff's cellular telephone were placed using an automated telephone dialing system (ATDS).

18.     The text messages were not sent to Plaintiff for "emergency purposes."

19.     The actions described herein were in violation of the TCPA.

PLAINTIFF'S COMPLAINT

## COUNT I
## Defendants Violated the TCPA 47 U.S.C. § 227(b)

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     The TCPA prohibits placing calls or text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

22.     Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23.     Defendant's texts were not made for "emergency purposes."

24.     Defendant's texts to Plaintiff's cellular telephones without any prior express consent.

23.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

## <u>COUNT II</u>
## <u>Defendant Violated the TCPA 47 U.S.C. § 227(C)</u>

27.  Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28.  The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

29.  Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June 2004.

30.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31.  The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32.  As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

4

**Wherefore**, Plaintiff, **RHONDA CLIFFORD,** respectfully prays for judgment as follows:

<ol type="a">
<li>All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));</li>
<li>Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));</li>
<li>Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);</li>
<li>Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));</li>
<li>Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);</li>
<li>Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and</li>
<li>Any other relief this Honorable Court deems appropriate.</li>
</ol>

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, RHONDA CLIFFORD, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,


DATED: 03/01/2021

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT